```
 1  ROBERT E. BOYCE
    State Bar No. 79806
 2  B0YCE & SCHAEFER
    934 23rd Street
 3  San Diego, CA  92102
    619/232-3320
 4
    Attorney for Defendant
 5  JESUS RODRIGUEZ-MORENO
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. 08CR0540-JAH |
|---|---|
| Plaintiff, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| v. | ) **DEFENDANT'S MOTIONS** |
| JESUS RODRIGUEZ-MORENO, | ) |
| Defendants._____ | ) |

**I.**

**STATEMENT OF FACTS**

Mr. Rodriguez-Moreno is charged in an indictment with deported alien found in the United States in violation of 8 U.S.C. § 1326.

On January 21, 2008, at approximately 9:20 p.m, border patrol agents found Jesus Rodriguez-Moreno and three other individuals north of the United States-Mexico border near the Tecate, California, Port of Entry. Agents arrested Mr. Rodriguez-Moreno for illegally entering the United States.

**II.**

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Mr. Rodriguez-Moreno moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody,

-1-

1 control, care, or knowledge of any government agency. See generally *Kyles v. Whitley*, 514
2 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

3     (1)    <u>The Defendant's Statements</u>. The government must disclose to the defendant
4 <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any
5 statements made by the defendant which the government intends to offer in evidence at trial;
6 any response by the defendant to interrogation; the substance of any oral statements which
7 the government intends to introduce at trial and any written summaries of the defendant's
8 oral statements contained in the handwritten notes of the government agent; any response to
9 any *Miranda* warnings which may have been given to the defendant. Fed.R.Crim.P.
10 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make
11 clear the government must reveal <u>all</u> the defendant's statements, whether oral or written,
12 regardless of whether the government intends to make any use of those statements.

13     (2)    <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defendant also specifically
14 requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and
15 TECS records that relate to the circumstances surrounding his arrest or any questioning. This
16 request includes, but is not limited to, any rough notes, records, reports. transcripts or other
17 documents in which statements of the defendant or any other discoverable material is
18 contained. Such material is discoverable under Fed.R.Crim.P. 16(a)(1)(A) and *Brady v.*
19 *Maryland*, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's
20 notes, memos from arresting officers, dispatch and other tapes, sworn statements, and
21 prosecution reports pertaining to the defendant and his arrest. See, Fed.R.Crim.P.
22 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(I).

23     (3)    <u>*Brady* Material</u>. The defendant requests all documents, statements, agents'
24 reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which
25 affects the credibility of the government's case. Under *Brady*, impeachment as well as
26 exculpatory evidence falls within the definition of evidence favorable to the accused. *United*
27 *States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

28     (4)    <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.

1  The government must produce this information under *Brady v. Maryland*, 373 US. 83 (1963).
2  This request includes any cooperation or attempted cooperation by the defendant as well as
3  any information that could affect any base offense level or specific offense characteristic
4  under Chapter Two of the Guidelines.  The defendant also requests any information relevant
5  to a Chapter Three adjustment, a determination of the defendant's criminal history, and
6  information relevant to any other application of the Guidelines.
7        (5)   <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior
8  record.  Fed.R.Crim.P. 16(a)(1)(B).
9        (6)   <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of
10 prior similar acts under Fed.R.Crim.P. 16(a)(1)(C) and Fed.R.Evid. 404(b) and 609.  In
11 addition, under Fed.R.Evid. 404(b), "upon request of the accused, the prosecution . . . shall
12 provide reasonable notice in advance of trial . . . of the general nature" of any evidence the
13 government proposes to introduce under Fed.R.Evid. 404(b) at trial.  The defendant requests
14 such notice sufficiently in advance of trial in order to give the defense time to adequately
15 investigate and prepare for trial.
16       (7)   <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a
17 result of any search, either warrantless or with a warrant.  Fed.R.Crim.P. 16(a)(1)(C).
18       (8)   <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the
19 preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost,
20 or otherwise put out of the possession, custody, or care of the government and which relate
21 to the arrest or the events leading to the arrest in this case.  This request includes, but is not
22 limited to, the results of any fingerprint analysis, the defendant's personal effects, the
23 vehicles, and any evidence seized from the defendant or any third party.
24       (9)   <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy
25 as well as test, if necessary, all other documents and tangible objects, including photographs,
26 books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which
27 are material to the defense or intended for use in the government's case-in-chief or were
28 obtained from or belong to the defendant.  Fed.R.Crim.P. 16(a)(1)(C).

(10) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. (Fed.R.Crim.P. 16(a)(1)(E).

(11) <u>All Immigration Files</u>. All files and audio/video tape recordings related to defendant's immigration status and prior deportations and/or removals.

(12) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See, Fed.R.Evid. 608, 609 and 613; *Brady v. Maryland*. In addition, Mr. Rodriguez-Moreno requests the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); but see, *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996).

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(15) <u>Witness Addresses</u>. The defendant requests the name and last known address of each prospective government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(16) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime

1  charged.

2      (17) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any
3  statement relevant to any possible defense or contention that he might assert.

4      (18) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of
5  all material, including dispatch tapes, which the government must produce pursuant to the
6  Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the
7  request of defendant to investigate the Jencks material. A verbal acknowledgment that
8  "rough" notes constitute an accurate account of the witness' interview is sufficient for the
9  report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*,
10 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the
11 Ninth Circuit held that when an agent goes over interview notes with the subject of the
12 interview the notes are then subject to the Jencks Act.

13     (19) *Giglio* Information. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972),
14 the defendant requests all statements and/or promises, express or implied, made to any
15 government witnesses, in exchange for their testimony in this case, and all other information
16 which could arguably be used for the impeachment of any government witnesses.

17     (20) <u>Agreements Between the Government and Witnesses</u>. The defendant requests
18 discovery regarding any express or implicit promise, understanding, offer of immunity, of
19 past, present, or future compensation, or any other kind of agreement or understanding,
20 including any implicit understanding relating to criminal or civil income tax, forfeiture or
21 fine liability, between any prospective government witness and the government (federal, state
22 and/or local). This request also includes any discussion with a potential witness about or
23 advice concerning any contemplated prosecution, or any possible plea bargain, even if no
24 bargain was made, or the advice not followed.

25     (21) <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of
26 the names and addresses of all informants or cooperating witnesses used or to be used in this
27 case, and in particular, disclosure of any informant who was a percipient witness in this case
28 or otherwise participated in the crime charged against Mr. Rodriguez-Moreno. The

government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(22) <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(23) <u>Residual Requests</u>. Mr. Rodriguez-Moreno intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Rodriguez-Moreno requests the government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Rodriguez-Moreno and defense counsel has received no discovery from the government. Counsel requests leave to file further motions based upon information gained through the discovery process.

### IV.

### CONCLUSION

For the foregoing reasons, the defendant respectfully requests the Court grant the motions made by the defendant.

Respectfully submitted,

Dated: March 11, 2008                       /s/ Robert E. Boyce
                                            ROBERT E. BOYCE
                                            Attorney for Defendant
                                            JESUS RODRIGUEZ-MORENO