KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08-CR-0540-JAH |
| Plaintiff, | DATE: April 1, 2008<br>TIME: 8:30 a.m. |
| v. | |
| JESUS RODRIGUEZ-MORENO, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its response and opposition to defendant Jesus Rodriguez-Moreno's motions for discovery and for leave to file further motions. Said response and opposition is based upon the files and records of this case together with the attached memorandum of points and authorities.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On February 28, 2008, defendant Jesus Rodriguez-Moreno was arraigned on a one-count indictment charging him with a violation of Title 8, United States Code, Sections 1326(a) and (b). Defendant entered a plea of not guilty.

## II

## STATEMENT OF FACTS

**A.     Defendant's Apprehension**

On January 21, 2008, Border Patrol Agents C. Bravence, I. Gutierrez and D. Stengert were performing linewatch operations neat Tecate, California. At approximately 9:00 p.m., they responded to a seismic intrusion device activation approximately one-quarter mile west of the Tecate Port of Entry and one-half mile north of the International Border.

At the sensor location, the agents observed foot sign of a group of individuals proceeding north from the sensor location along a trail. After following the group's foot sign for approximately 10 minutes, the agents observed a group of four individuals attempting to conceal themselves in a creek bed next to the trail. Agent Bravence identified himself as a Border Patrol Agent, and the four individuals fled in different directions. The agents apprehended all four individuals, including defendant Rodriguez. All four individuals admitted to being Mexican citizens without documents allowing them to lawfully enter or remain in the United States. Agents then arrested all four individuals.

On January 22, 2008, at approximately 3:00 a.m., Defendant received <u>Miranda</u> warnings. He declined to make a statement.

**B.     Defendant's Immigration History**

Defendant is a citizen of Mexico. On June 23, 1999, he was removed from the United States to Mexico pursuant to an Order of an Immigration Judge. Defendant also was removed from the United States to Mexico on four subsequent occasions: May, 31, 2000; June 22, 2004; September 27, 2007; and December 28, 2007.

**C.     Defendant's Criminal History**

Defendant has a lengthy criminal history, including the following felony convictions:

| CONVICTION DATE | COURT | CHARGE | TERM |
| --- | --- | --- | --- |
| 08/01/1984 | CASC - Los Angeles | Penal Code § 211 - Attempted robbery | 16 months |
| 10/15/1986 | CASC - San Diego | Vehicle Code § 10851 - Taking vehicle without owner's consent | 3 years |
| 01/09/1987 | CASC - San Diego | Vehicle Code § 10851 - Taking vehicle without owner's consent | 2 years |
| 03/19/1987 | CASC - San Diego | Penal Code § 243 - Battery | 18 months |
| 03/11/2005 | Maricopa County (AZ) Superior Court | A.R.S. § 13-1203 - Aggravated assault | 18 months |
| 04/02/2001 | USDC - Dist. Arizona | 8 U.S.C. § 1326 - Deported alien found in Unite States | 51 months (2006 - supervised release revoked - 24 months) |

**III**

**DEFENDANT'S MOTIONS**

**A.     Motion For Discovery**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 90 pages of discovery and one DVD, including reports of his arrest, his rap sheet, and copies of immigration and conviction documents.

In an attempt at simplification, this memorandum will address two specific areas of discovery: (1) items which the Government either has provided or will voluntarily provide; and (2) items demanded and discussed by Defendant which go beyond the strictures of Rule 16 and are not discoverable.

/ / /

**1.     Items which the Government has provided or will voluntarily provide.**

a.     The Government will disclose to Defendant and make available for inspection, copying or photographing: any relevant written or recorded statements made by Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and that portion of any written record containing the substance of any relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent. The Government also will disclose to Defendant the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial.

b.     The Government will permit Defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant;[1]

c.     The Government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of his defense or are intended for use by the Government as evidence during its case-in-chief at trial;[2]

d.     The Government has furnished to Defendant a copy of his prior criminal

---

[1] Rule 16(a)(1)(C) authorizes defendants to examine only those Government documents material to the preparation of their defense against the Government's case-in-chief. United States v. Armstrong, 517 U.S. 456, 463 (1996). Rule 16 does not require the disclosure by the prosecution of evidence it intends to use in rebuttal. United States v. Givens, 767 F.2d 574, 583 (9th Cir. 1984).

[2] The Government need not "disclose every single piece of paper that is generated internally in conjunction with scientific tests." United States v. Iglesias, 881 F.2d 1519, 1524 (9th Cir. 1989).

record, which is within its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government;

   e. The Government will disclose the terms of all agreements (or any other inducements) with cooperating witnesses, if any are entered into;

   f. The Government may disclose the statements of witnesses to be called in its case-in-chief when its trial memorandum is filed;[3]

   g. The Government will disclose any record of prior criminal convictions that could be used to impeach a Government witness prior to any such witness' testimony;

   h. The Government will disclose in advance of trial the general nature of other crimes, wrongs, or acts of Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence;

   I. The Government acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), the Jencks Act and Rules 12 and 16 of the Federal Rules of Criminal Procedure, and will abide by their dictates.[4]

/ / /

/ / /

/ / /

---

[3] Production of these statements is governed by the Jencks Act and need occur only after the witness testifies on direct examination. United States v. Mills, 641 F.2d 785, 789-790 (9th Cir. 1981); United States v. Dreitzler, 577 F.2d 539, 553 (9th Cir. 1978). For Jencks Act purposes, the Government has no obligation to provide the defense with statements in the possession of a state agency. United States v. Durham, 941 F.2d 858, 861 (9th Cir. 1991). Prior trial testimony does not fall within the scope of the Jencks Act. United States v. Isigro, 974 F.2d 1091, 1095 (9th Cir. 1992). Further, an agent's recorded radio transmissions made during surveillance are not discoverable under the Jencks Act. United States v. Bobadilla-Lopez, 954 F.2d 519, 522-23 (9th Cir. 1992). The Government will provide the grand jury transcripts of witnesses who have testified before the grand jury if said testimony relates to the subject matter of their trial testimony. Finally, the Government reserves the right to withhold the statement of any particular witness it deems necessary until after the witness testifies.

[4] Brady requires the Government to produce all evidence that is material to either guilt or punishment. The Government's failure to provide the information required by Brady is constitutional error only if the information is material, that is, only if there is a reasonable probability that the result of the proceeding would have been different had the information been disclosed. Kyles v. Whitley, 514 U.S. 419 (1995). However, neither Brady nor Rule 16 require the Government to disclose inculpatory information to the defense. United States v. Arias-Villanueva, 998 F.2d 1491 (9th Cir. 1993).

**2.    Items which go beyond the strictures of Rule 16**

    **a.    Defendant's requests for specific Brady information or general Rule 16 discovery.**

Defendant requests that the Government disclose all evidence "favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case." (Motion at 12.)

It is well-settled that prior to trial, the Government must provide a defendant in a criminal case with evidence that is both favorable to the accused and material to guilt or punishment. Pennsylvania v. Richie, 480 U.S. 39, 57 (1987); United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83, 87 (1963).  As the Supreme Court has explained, "a fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence may have affected the outcome of the trial." Agurs, 427 U.S. at 104. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985) (emphasis added).  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Richie, 480 U.S. at 57 (citation omitted).

The Supreme Court has repeatedly held that the Brady rule is not a rule of discovery; rather, it is a rule of fairness and is based upon the requirement of due process. Bagley, 473 U.S. at 675, n. 6. The Supreme Court's analysis of the limited scope and purpose of the Brady rule, as set forth in the Bagley opinion, is worth quoting at length:

> Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. [footnote omitted].  Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial: For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose . . . but to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his

1       omission is of sufficient significance to result in the denial of the defendant's right to

2       a fair trial.

3 Id. at 675 (emphasis added, citation omitted).  Accordingly, the Government will comply with the

4 Brady mandate but rejects any affirmative duty to create or seek out evidence for the defense.

         **b.**    **Disclosure of witness information**

6      Defendant seeks numerous records and information pertaining to potential Government

7 witnesses.  Regarding these individuals, the Government will provide Defendant with the following

8 items prior to any such individual's trial testimony:

9          (1)    The terms of all agreements (or any other inducements) it has made

10 with cooperating witnesses, if they are entered into;

11          (2)    All relevant exculpatory evidence concerning the credibility or bias of

12 Government witnesses as mandated by law; and,

13          (3)    Any record of prior criminal convictions that could be used to impeach

14 a Government witness.

15      The Government opposes disclosure of rap sheet information of any Government witness

16 prior to trial.  See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976).  Furthermore, any

17 uncharged prior misconduct attributable to Government witnesses, all promises made to and

18 consideration given to witnesses by the Government, and all threats of prosecution made to

19 witnesses by the Government will be disclosed if required by Brady and Giglio.

20          **c.**    **Agents' rough notes**

21      Although the Government has no objection to the preservation of agents' handwritten notes,

22 the Government objects to their production at this time.  If during any evidentiary proceeding,

23 certain rough notes become relevant, these notes will be made available.

24      Prior production of these notes is not necessary because they are not "statements" within the

25 meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness'

26 assertions and they have been approved or adopted by the witness.  United States v. Spencer,

27 618 F.2d 605, 606-07 (9th Cir. 1980); United States v. Kaiser, 660 F.2d 724, 731-32 (9th Cir. 1981).

28 / / /

### d.  Government reports, summaries and memoranda

Rule 16 provides, in relevant part:

[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or <u>other government agent in connection with the investigating or prosecuting of the case</u>.

Rule 16(a)(2).  This subsection exempts from disclosure documents prepared by government attorneys and agents that would otherwise be discoverable under Rule 16.  <u>United States v. Fort</u>, 472 F.3d 1106, 1110 & n.2 (9th Cir. 2007).

As expressed previously, the Government recognizes its obligations pursuant to <u>Brady</u>, <u>Giglio</u>, Rule 16, and the Jencks Act.[5]  But the Government shall not turn over internal memoranda or reports which are properly regarded as work product exempted from pretrial disclosure.[6]  Such disclosure is supported neither by the Rules of Evidence nor case law and could compromise other areas of investigation still being pursued.

### e.  Addresses and phone numbers of Government witnesses

Defendant requests the name and last known address and phone of each prospective Government witness.  While the Government <u>may</u> supply a tentative witness list with its trial memorandum, it objects to providing home addresses and telephone numbers.  <u>See</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir. 1980); <u>United States v. Conder</u>, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses).  A request for the home addresses and telephone numbers of Government witnesses is tantamount to a request for a witness list and, in a non-capital case, there is no legal requirement that the Government supply defendant with a list of the nonexpert witnesses it expects to call at trial.  <u>United States v. W.R. Grace</u>, 493 F.3d 1119, 1128 (9th Cir. 2007).

///

///

---

[5] Summaries of witness interviews conducted by Government agents are not Jencks Act statements.  <u>United States v. Claiborne</u>, 765 F.2d 784, 801 (9th Cir. 1985).

[6] The Government recognizes that the possibility remains that some of these documents may become discoverable during the course of the trial if they are material to any issue that is raised.

####     f.        **Personnel files of federal agents**

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate standard of materiality . . . ." Cadet, 727 F.2d at 1467-68. Further, if counsel for the United States is uncertain about the materiality of the information within its possession, the material will be submitted to the court for in-camera inspection and review. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the personnel files of federal law enforcement witnesses. In Jennings, the Ninth Circuit found that the present Department of Justice procedures providing for a review of federal law enforcement witness personnel files by the agency maintaining them is sufficient compliance with Henthorn. Id. In this case, the Government will comply with the procedures as set forth in Jennings.

Finally, the Government has no duty to examine the personnel files of state and local officers because they are not within the possession, custody or control of the Federal Government. United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

####     g.        **Reports of witness interviews**

To date, the Government does not have any reports regarding witness interviews or otherwise that have not been turned over to Defendant. However, to the extent that such additional reports regarding witness interviews are generated, the information sought by Defendant is not subject to discovery under the Jencks Act, 18 U.S.C. § 3500.

Reports generated in connection with a witness's interview session are only subject to production under the Jencks Act if the witness signed the report or otherwise adopted or approved the contents of the report. See 18 U.S.C. § 3500(e)(1); United States v. Miller, 771 F.2d 1219, 1231-31 (9th Cir. 1985) ("The Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness and to accounts which are substantially verbatim recitals of a witness' oral

1  statements."); <u>United States v. Friedman</u>, 593 F.2d 109, 120 (9th Cir. 1979) (interview report
2  containing a summary of a witness' statements is not subject to discovery under the Jencks Act);
3  <u>United States v. Augenblick</u>, 393 U.S. 248, 354 (1969) (rough notes of witness interview not a
4  "statement" covering entire interview). Indeed, "both the history of the [Jencks Act] and the
5  decisions interpreting it have stressed that for production to be required, the material should not only
6  reflect the witness' own words, but should also be in the nature of a complete recital that eliminates
7  the possibility of portions being selected out of context." <u>United States v. Bobadilla-Lopez</u>, 954
8  F.2d 519, 522 (9th Cir. 1992).

9        **h.**    **Expert witnesses**

10  The Government will disclose to Defendant the name, qualifications, and a written summary
11  of testimony of any expert the Government intends to use during its case-in-chief at trial pursuant to
12  Fed. R. Evid. 702, 703, or 705 three weeks prior to the scheduled trial date.

13        **i.**    **Other discovery requests**

14  To the extent that the above does not answer all of Defendant's discovery requests, the
15  Government opposes the motion on the grounds that there is no authority requiring the production of
16  such material.

17  **B.**    **Motion For Leave To File Further Motions**

18  The Government does not oppose granting leave to bring further motions so long as those
19  motions are based on evidence (if any) not yet produced in discovery.

20 **IV**
21 **CONCLUSION**

22  For the foregoing reasons, the Government respectfully requests that the Court deny
23  Defendant's motions.

24

25  DATED: March 25, 2008.                Respectfully submitted,

26                                           Karen P. Hewitt
                                         United States Attorney
27
28                                         s/ David D. Leshner
                                       DAVID D. LESHNER
                                       Assistant U.S. Attorney

|    |    |    |
|----|----|----|
| 1  | UNITED STATES DISTRICT COURT | |
| 2  | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3  | UNITED STATES OF AMERICA, ) | Case No. 08-CR-0540-JAH |
| 4  | Plaintiff, ) | |
| 5  | v. ) | CERTIFICATE OF SERVICE |
| 6  | JESUS RODRIGUEZ-MORENO, ) | |
| 7  | Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS FOR DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Boyce, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 25, 2008.

                /s/ David D. Leshner
                DAVID D. LESHNER